UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| - against - | : | **ORDER** |
| DENNIS BUONAGURA, | : | 1:98-cr-00747-DC-1 |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHIN, Circuit Judge:

  *Pro se* defendant Dennis Buonagura moves to expunge or seal his conviction in this case. *See generally* Dkt. 10. For the reasons set forth below, his motion is DENIED.

**I. Background**

  On October 2, 1998, Dennis Buonagura pled guilty to one count of bank larceny in violation of 18 U.S.C. § 2113. Dkt. 7 at 1. I sentenced him on January 20, 1999 and entered judgment on January 25, 1999. *See* Dkt. 7. Although the guidelines range called for a prison term of eight to fourteen months for his offense, I departed downward to a three-year probationary period because of Buonagura's "strong showing of acceptance of responsibility, prompt payment of full restitution," and the "aberrational nature of the conduct." *Id.* at 6. Buonagura had no criminal record at the time of his offense, and in the decades that followed, he has demonstrated a

commendable commitment to civic service. Buonagura has worked with several New York nonprofit organizations, including the Central Park Conservancy and Animal Haven in Soho, and he is presently employed at Art Yard Bklyn, a nonprofit that provides arts education to underserved communities. *See* Dkt. 10 at 5.

On November 18, 2024, Buonagura filed his *pro se* letter motion to seal or expunge his conviction, citing his recent termination from his employment with the Jersey City Board of Education due to a criminal background check. *See generally id.* Although Buonagura submitted with his letter a form designed for state convictions pursuant to N.Y. C.P.L. § 160.59, I will consider the motion on the merits, consistent with the principle that courts should "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).

II.   **Discussion**

In *Doe v. United States*, the Second Circuit held that district courts lack subject matter jurisdiction to expunge or seal records of valid criminal convictions except where specifically authorized by statute. 833 F.3d 192, 196 (2d Cir. 2016). Following *Doe*, courts in this Circuit "have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress." *Hurlburt v. United States*, No. 94-cr-866,

2

2022 WL 2714070, at *2 (S.D.N.Y. July 13, 2022) (internal quotation marks omitted) (collecting cases).

The Second Circuit further explained in *Doe* that a district court may not exercise ancillary jurisdiction over motions to seal or expunge a valid conviction on equitable grounds. *See* 833 F.3d at 198-99. It reasoned that ancillary jurisdiction is only permitted where it is necessary to "manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees." *Id.* at 198 (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994)). Accordingly, a court's ancillary jurisdiction does not extend to a motion to seal or expunge a prior conviction where the defendant's "sentence ha[s] long ago concluded," "its decrees long since expired," and where the "facts underlying the . . . sentencing were clearly independent of the facts developed in [the defendant's] motion filed years later." *Id*. at 198-99.

The reasoning of *Doe* applies to Buonagura's motion. Buonagura does not challenge the validity of his 1999 conviction. In addition, his motion is based on events that occurred over twenty-five years after his conviction and are clearly independent of the facts underlying his sentencing. Accordingly, I lack jurisdiction to consider Buonagura's motion. *See id.* (holding that court lacked ancillary jurisdiction over motion to expunge because defendant's "motion [was] based on facts and events (her repeated efforts to obtain employment) that transpired years *after* her sentencing and term of probation" (emphasis in original)); *Blair v. United States*, No. 23-MC-688-NRM,

2023 WL 5417357 (E.D.N.Y. Aug. 22, 2023) (denying motion to expunge where petitioner alleged that "the stigma of his felony record prevents him from advancing his career").[1]

      Nevertheless, the compelling circumstances of Buonagura's motion should be acknowledged.  In the years since his conviction, it appears that Buonagura has established a noteworthy record of public service and community engagement.  Dkt. 10 at 5-6, 17-23.  In spite of this progress, Buonagura apparently continues to face collateral employment consequences that jeopardize his access to essential healthcare.  *Id.*  As the Second Circuit has noted, such burdens -- which often persist decades after a conviction -- can transform limited terms of punishment into "what is effectively a life sentence."  *Doe*, 833 F.3d at 200 (quoting Attorney General Loretta E. Lynch Releases Roadmap to Reentry: The Justice Department's Vision to Reduce Recidivism through Federal Reentry Reforms (Apr. 25, 2016), https://perma.cc/X5KR-JWJ8).[2]

---

[1] Although 18 U.S.C. § 3607(c) authorizes the expungement of Controlled Substances Act convictions under certain conditions, Buonagura does not satisfy the statute's age or offense criteria.  *See* 18 U.S.C. § 3607(c) (courts "shall enter an expungement order" for applicants under age twenty-one with no prior convictions, convicted under section 404 of the Controlled Substances Act).  Buonagura was older than twenty-one at the time of the offense and was not convicted under the Controlled Substances Act.  Dkt. 7 at 1.

At the present time, there are no other Acts of Congress that authorize this Court to expunge or seal Buonagura's conviction.  The Collateral Consequences Resource Center, however, maintains an up-to-date guide on federal post-conviction remedies and is available as a resource should Congress pass new legislation in the future.  *See Federal Restoration of Rights & Record Relief*, Collateral Consequences Resource Center, https://perma.cc/DF87-5JYW (last updated March 13, 2025).

[2] As several district courts have pointed out, individuals in Buonagura's situation "may be able to take advantage of protections offered by state law."  *Yearwood v. United States*, No. 18-MC-1835, 2022 WL 4662091, at *2 n.3 (E.D.N.Y. Sept. 30, 2022) (first citing *Belardo v. United States*, No. 21-MC-1016, 2021 WL 4972495, at *2 (E.D.N.Y. Oct. 26, 2021); and then citing *United States v. King*, 2017 WL 4326492, at *2

4

### III.     Conclusion

For the foregoing reasons, Buonagura's motion is DENIED. The Clerk of the Court shall mail a copy of this order to Buonagura at his address listed in his letter motion.

SO ORDERED.

Dated:     New York, New York
           March 21, 2025

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

---

(E.D.N.Y. Sept. 28, 2017)). "For example, New York State law prohibits employers from denying or taking adverse action on a job application, because of an applicant's previous conviction, unless there is a 'direct relationship' between the offense and the employment sought, or granting employment would involve 'unreasonable risk.'" *Belardo*, 2021 WL 4972495, at *2 (citing N.Y. Correct. Law §§ 752-753). "Similarly, New York City law prohibits employers from asking about an applicant's criminal history before making a conditional offer of employment." *Id.* (citing N.Y.C. Admin. Code § 8-107(11-a)).